IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN RE: ) | |
| ) | |
| EDWIN CASTELLA CHANDLER ) | Case No. 19-36701−KRH |
| ) | Chapter 13 |
| Debtor ) | |

## MOTION TO APPROVE LOAN MODIFICATION

COMES NOW, the Debtor, by counsel, and as and for Debtor's Motion to Approve Loan Modification, states as follows:

1. The Debtor filed this case under Chapter 13 of the U.S. Bankruptcy Code on December 30, 2019.

2. Freedom Mortgage Corporation is a secured creditor of the Debtor which holds a promissory note from the Debtor ("Note") secured by a first deed of trust on the Debtor's real property at 5310 Greentree Dr., Fredericksburg, VA 22407, and further described as follows (the "Property"):

> All that certain lot or parcel of land, lying and being in Courtland Magisterial District, Spotsylvania County, Virginia, known and described as Lot 129, Section 3, Cedarbrook Subdivision, shown on a plat of Sullivan, Donahoe and Ingalls, dated May 12, 1987, recorded with the deed dated August 5, 1987, and recorded in Plat File 1, at Page 220.

3. The Debtor has applied for and Freedom Mortgage Corporation has approved a modification of the Note reducing the Debtor's monthly payment of principal, interest, and escrow on the Note from $1,081.09 to $980.51, decreasing the annual interest rate from 3.375% to 2.8750%, increasing the unpaid principal balance from $152,804.19 to $157,600.07, extending

James E. Kane (VSB #30081)
KANE & PAPA, P.C.
1313 East Cary Street
Richmond, VA  23219
(804) 225-9500 (phone)
(804) 225-9598 (fax)
*Counsel for Debtor*

the maturity date from November 1, 2045 to October 1, 2051, and incorporating pre-petition and post-petition arrearages around $4,795.88 into the modified loan. A Summary of Proposed Loan Modification is attached hereto and a copy of the Loan Modification is attached hereto as Exhibit A and is incorporated herein by this reference.

4. The forgoing modification is in the best interest of the Debtor and will facilitate the Debtor's ability to perform under the Chapter 13 Plan filed herein.

WHEREFORE, the Debtor requests that the Court enter an Order approving the modification of the terms of the Note as stated herein and for such other relief as the Court may deem appropriate.

EDWIN CASTELLA CHANDLER

By: /s/ James E. Kane
Counsel

James E. Kane (VSB #30081)
KANE & PAPA, P.C.
1313 East Cary Street
Richmond, VA  23219
(804) 225-9500 (phone)
(804) 225-9598 (fax)
*Counsel for Debtor*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record who have signed up to receive such notification and by first class mail to all parties on the attached list.

/s/ James E. Kane
James E. Kane

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| IN RE: ) | |
| ) | |
| EDWIN CASTELLA CHANDLER ) | Case No. 19-36701−KRH |
| ) | Chapter 13 |
| Debtor ) | |

**NOTICE OF MOTION AND HEARING**

The above Debtor has filed Motion to Approve Loan Modification in the above matter.

<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then, within twenty-one (21) days from the date of this Notice you or your attorney must:

- File with the court, at the address shown below, a written request for a hearing [or written response pursuant to Local Bankruptcy Rule 9013-1(H)]. If you mail your request for a hearing (or response) to the court for filing, you must mail it early enough so the court will <u>receive</u> it on or before the date stated above, to:

    Clerk of Court
    United States Bankruptcy Court
    701 East Broad Street
    Richmond, VA  23219

You must also mail a copy to:

    James E. Kane, Esquire
    Kane & Papa, P.C.
    1313 East Cary Street
    Richmond, Virginia 23219

- Attend a hearing scheduled for **January 5, 2022 at 12:00 PM at United States Bankruptcy Court, 701 East Broad Street, Room 5000, Richmond, VA 23219**. <u>If no timely response has been filed opposing the relief requested, the court may grant the relief without holding a hearing.</u>

4

- **REMOTE HEARING INFORMATION**:

    Due to the COVID−19 public health emergency, no in-person hearings are being held.

    This hearing will take place remotely through Zoom on the date and time scheduled herein.

    To appear at the hearing, you must send, by email, a completed request form (the "Zoom Request Form"), which is available on the Court's internet website at www.vaeb.courts.gov, on the page titled, "Temporary Emergency Provisions Regarding ZoomGov Remote Proceeding Access Information." Email your completed Zoom Request Form to the email address listed for the Judge assigned to the case. Following receipt of your Zoom Request Form, Court staff will respond to the email address from which the request was submitted with additional information on how to participate through Zoom.

    ***The email address shall be used only to submit Zoom Request Forms. No other matters or requests will be considered by Court staff, and under no circumstances will any such matters or requests be brought to the Judge's attention. Failure to comply with these instructions may result in appropriate action, including but not limited to the imposition of sanctions.

    **\*\*\* PLEASE NOTE: You MUST submit the Zoom Request Form no later than two (2) business days prior to this hearing. Any documentary evidence the parties wish to present at the hearing must be filed with the Court in advance of the hearing.**

    If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Dated: December 13, 2021

                                              EDWIN CASTELLA CHANDLER

                                              By: /s/ James E. Kane
                                                        Counsel

James E. Kane (VSB #30081)
KANE & PAPA, P.C.
1313 East Cary Street
Richmond, VA  23219
(804) 225-9500 (phone)
(804) 225-9598 (fax)
*Counsel for Debtor*

## **CERTIFICATE OF SERVICE**

I hereby certify that December 13, 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record who have signed up to receive such notification and by first class mail to all parties on the attached list.

/s/ James E. Kane
James E. Kane

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| IN RE: | ) | |
| --- | --- | --- |
| | ) | |
| EDWIN CASTELLA CHANDLER | ) | Case No. 19-36701−KRH |
| | ) | Chapter 13 |
| Debtor | ) | |

**Summary of Proposed Loan Modification**

| | Original Loan | Modified Loan |
| --- | --- | --- |
| Principal Amount | $152,804.19 | $157,600.07 |
| Interest Rate | 3.375% | 2.875% |
| Term or Maturity Date | November 1, 2045 | October 1, 2051 |
| Monthly Payment | $1,081.09 | $980.51 |

___ 1. The Modified loan includes future payment changes or balloon payments. The terms of any such payment changes or balloon payments are:

___ 2. The modification results in a higher monthly payment. The source of the funds used to make that payment are: _____

_X_ 3. The modification results in a lower monthly payment. Choose one of the following:

  ___ a. The amount of future plan payments will be increased.

  _X_ b. The amount of future plan payments will not be increased.

EXHIBIT A



**FREEDOM MORTGAGE**
Box 50485, Indianapolis, IN 46250-0485

Edwin Chandler
5310 Greentree Dr
Fredericksburg, VA 22407-1687

Re:   Loan Number:        0096228192
      Property Address:   5310 GREENTREE DR
                          FREDERICKSBURG, VA 22407

September 07, 2021

Dear Borrower(s),

Enclosed please find two original copies of a Loan Modification Document Package and one copy for your records.

Please review the enclosed Loan Modification Agreement. If the terms are consistent with your prior discussions with Freedom Mortgage Corporation ("Freedom Mortgage"), please execute both original copies **in the presence of a notary** and return all pages to Freedom Mortgage in the enclosed overnight courier envelope **within 14 calendar days of receipt of this package**. The terms of this offer are only good **through 14 calendar days of receipt of this package.**

Please sign your name exactly as it is printed under the signature line. If two witnesses are required, the signatures must be from two different individuals who must print their names under their signatures.

The Agreement changes the monthly principal and interest amount of your payment to $653.87 effective 09/07/2021. The taxes and insurance portion of the monthly payment is $326.64, for a total monthly payment of $980.51 due 11/01/2021. Please note that the amount being escrowed for taxes and insurance is subject to change upon further analysis.

Please be aware that if your loan has Private Mortgage Insurance (PMI), your PMI premium may be subject to change in conjunction with the Loan Modification Agreement. Any adjustments to the premium amount will be captured with the first post-modification escrow analysis. If you are currently making payments under a repayment agreement with Freedom Mortgage, you are responsible for continuing your payments to Freedom Mortgage through the effective date of the Loan Modification Agreement. Failure to make the payments according to the repayment agreement may result in Freedom Mortgage's revocation of this loan modification offer.

The amounts listed below are in arrears. In order to bring your loan current, the following amounts are being capitalized (added to the unpaid principal balance) as part of your loan modification:

- Pre-Modification Unpaid Principal Balance: $152,804.19
- Delinquent Interest: $2,564.43
- Escrow Advances: $2,231.45
- Freedom Mortgage Advances: $0.00
- Suspense Funds Credit to Interest and/or Advances: $0.00
- Post Modification Unpaid Principal Balance: $157,600.07

In addition, late charges in the amount of $0.00 are being waived; this sum is not included in the capitalization amount shown above.

We have assigned a single point of contact on your loan that is available to assist in your current mortgage needs. Your single point of contact is MICHELLE S., Teller Number 04004. Please do not hesitate to contact your single point of contact to make arrangements on your loan, ask any questions you may have, or discuss additional options that may be available to assist you during this important time.

6.27
Page 1 of 2

4917233_192_20211014074920682

[TRACKINGID:284883394226] 030695-00050253-0 [PAG:1360] [DOC 32 62/66 ld.18068813] {F_1_0}

Investor Loan # 217991695

**Recording Requested By:**
Freedom Mortgage Corporation
907 Pleasant Valley Avenue
Mount Laurel, NJ 08054

**After Recording Return To:**
Freedom Mortgage Corporation C/O:
Mortgage Connect Document Solutions
6860 North Argonne Street, Unit A
Denver, CO 80249
APN/Tax ID: 23K3-129
Recording Number: 1897210

This document was prepared by Freedom Mortgage Corporation,

_____**Space Above This Line For Recording Data**_____

**Original Principal Amount:** $169,962.00        **Loan Number:** 0096228192
**Unpaid Principal Amount:** $152,804.19         **FHA Loan Number:** FR 5441515737703
**New Principal Amount:** $157,600.07
**Total Capitalized Amount:** $4,795.88

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement") between **EDWIN CASTELLA CHANDLER AN UNMARRIED PERSON** whose address is 5310 GREENTREE DR, FREDERICKSBURG, VA 22407 ("Borrower" or "I"[1]) and **FREEDOM MORTGAGE CORPORATION** whose address is 907 Pleasant Valley Avenue, Mount Laurel, NJ 08054 ("Lender"), is effective 09/07/2021, and amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), made by **EDWIN CASTELLA CHANDLER AN UNMARRIED PERSON** to **MERS AS NOMINEE FOR FREEDOM MORTGAGE CORPORATION** for **$169,962.00** and interest, dated **08/31/2016** and recorded on Date **09/12/2016** in Book or Liber _____, at page(s) _____ or as Document/Instrument Number **160015617**, in the Records of **Spotsylvania, VIRGINIA,** and (2) the Note bearing the same date as and secured by the Security Instrument, which was entered into as security for the performance of the Note and encumbers the real and personal property described and defined in the Security Instrument as the "Property," located at **5310 GREENTREE DR FREDERICKSBURG, VA 22407.** *See Exhibit A for Legal Description*

**Important Disclosures:** The Federal Housing Administration (FHA) requires that Lender provide you with information designed to help you understand the modified mortgage terms that are being offered to you. Lender is required to provide you with clear and understandable written information about the terms, costs, and risks of the modified mortgage in a timely manner to

---

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "Borrower" or "I." For purposes of this document, words signifying the singular (such as "Borrower" or "I") shall include the plural (such as "Borrowers" or "we") and vice versa where appropriate.
Page 1

enable Borrower to make informed decisions. This information is included below. Please read it carefully.

If my representations in Section 1 below continue to be true in all material respects, then this Loan Modification Agreement ("Agreement") will, as set forth in Section 3 below, amend and supplement (1) the Mortgage on the Property and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents". Capitalized terms used in this Agreement and not defined here have the meaning given to them in the Loan Documents. If there is more than one borrower or mortgagor executing this document, each is referred to as "I". Words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

This Agreement will not take effect unless the preconditions set forth in Section 2 below have been satisfied.

1. **My Representations.** I certify, represent to Lender, and agree as follows:

    A. The Property has no more than four units.

    B. The Property currently has no materially adverse physical condition(s).

    C. I intend to continue to live in the Property as my primary residence.

    D. I do not have any other FHA-insured mortgage.

    E. If I received a discharge in a Chapter 7 Bankruptcy proceeding subsequent to the execution of the Loan Documents, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

    A. Prior to the Modification Effective Date as set forth in Section 3 below, if Lender determines that any of my representations in Section 1 above are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In that event, Lender will have all of the rights and remedies provided by the Loan Documents.

    B. The Loan Documents will not be modified unless and until (1) Lender approves this Agreement and (2) the Modification Effective Date (as defined in Section 3 below) has occurred. In addition, Lender will not be obligated to modify the Loan Documents if I fail to meet any of the requirements under this Agreement.

3. **The Modification.** If all of my representations in Section 1 above continue to be true in all material respects and all preconditions to the modification set forth in Section 2 above have been met, the Loan Documents will automatically become modified on 09/07/2021 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived.

Page 2

[TRACKINGID:284883394226] 030695-00050253-0 [PAG 1374] [DOC 32 48/66 Id 18068813] {F_1__0}

If I have failed to make any payments that are a precondition to this modification, this modification will not take effect.

A. The new Maturity Date will be 10/01/2051.

B. As of the Modification Effective Date, the new principal balance of my Note is $157,600.07 (the "New Principal Balance").

C. Interest at the fixed rate of **2.875%** will begin to accrue on the New Principal Balance as of 10/01/2021 and my first new monthly payment on the New Principal Balance will be due on 11/01/2021. My fully amortizing payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|
| 30 | 2.875% | $653.87 | $326.64, may adjust periodically | $980.51, may adjust periodically | 11/01/2021 | 360 |

\* The escrow payments may be adjusted periodically in accordance with applicable law. Therefore, my total monthly payment may change accordingly.

The total monthly payment amount shown does not include the cost for any optional products that may be on the mortgage loan.

The terms in this Section 3.C. supersede any provisions to the contrary in the Loan Documents, including (but not limited to) provisions for an adjustable-or step-interest rate.

D. I will be in Default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E. The interest rate set forth in Section 3.C. above shall apply even in the event of default and if the Loan Documents permitted a default rate of interest.

4. **Additional Agreements.** Lender and I agree to the following:

A. I authorize Lender to attach an Exhibit A to this loan modification, which will include a Legal Description, recording information of the original security instrument, and any other relevant information required by a County Clerk's Office to allow for recording if and when recording becomes necessary for Lender.

B. All persons, or their authorized representative(s), who signed the Loan Documents have signed this Agreement, unless (1) a borrower or co-borrower is deceased; (2) the borrower and co-borrower are divorced and the property has been transferred to one

[TRACKINGID:284883394226] 030695-00050253-0 [PAG_1376] [DOC 32 46/66 Id.18068813] [F_1_0]

spouse in the divorce decree, meaning that the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (3) Lender has waived this requirement in writing. This Agreement may be executed in separate counterparts, each of which shall be deemed an original.

C. This Agreement supersedes the terms of any modification, forbearance, trial modification payment plan, or loan workout plan that I previously entered into with Lender.

D. I will comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of the Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments, the amount of which may periodically change over the term of my Loan.

E. The Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F. All terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect. Nothing in this Agreement satisfies or releases in whole or in part any of the obligations contained in the Loan Documents. Except as otherwise specifically provided in, and as expressly modified by, this Agreement, Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G. On and after the Modification Effective Date, and notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Lender shall not exercise this option if state or federal law, rules, or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice to, or demand on, me.

H. On and after the Modification Effective Date, Lender will allow the transfer and assumption of the Loan, including this Agreement, only as permitted under FHA guidelines. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. On and after the Modification Effective Date, any provision in the Note (or in any addendum or amendment to the Note) that allowed for the assessment of a penalty for full or partial prepayment of the Note, is null and void.

J. I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by

[TRACKINGID:284883394226] 030695-00050253-0 [PAG 1378] [DOC 32 44/66 Id:18068813] [F_1__0]

Lender's procedures to ensure that the modified mortgage loan is in first-lien position and/or is fully enforceable upon modification. Under any circumstance and not withstanding anything else to the contrary in this Agreement, if Lender does not receive such title endorsement(s), title insurance product(s), and/or subordination agreement(s), the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

I will execute such other documents as may be reasonably necessary either to (1) consummate the terms and conditions of this Agreement or (2) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. Lender may declare this Agreement void and of no legal effect upon notice of such error. If I sign a corrected Agreement, Lender will provide a copy of such Agreement to me. If I elect not to sign such corrected Agreement, at Lender's sole option, (x) the terms of the original Loan Documents shall continue in full force and effect and (y) the terms of the original Loan Documents will not be modified by this Agreement.

K. Lender may collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure all of this information and the terms of this Agreement by Lender to (1) any government entity that regulates Lender; (2) any investor, insurer, guarantor, or servicer that owns, insures, guarantees, or services my first-lien or subordinate-lien (if applicable) mortgage loan(s); (3) companies that perform support services for the FHA and (4) any HUD-certified housing counseling agency.

L. If any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with Lender's request to execute, acknowledge, initial, and deliver to Lender any documentation Lender deems necessary. If the original promissory note is replaced, Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents that Lender requests of me under this section shall be referred to as the "Documents". I will deliver the Documents within ten days after I receive Lender's written request for such replacement.

[TRACKINGID:284883394226] 030695-O0050253-0 [PAG:1380] [DOC 32 42/66 Id:18068813] (F_1__0)

**NOTICE: THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OF THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.**

By SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

*Edwin Castella Chandler*
Edwin Castella Chandler
(Must be signed exactly as printed)

__10__ / __17__ / __2021__
Signature Date (MM/DD/YYYY)

_____*[Space below this line for Acknowledgement]*_____

STATE OF __VIRGINIA__

COUNTY OF __Spotsylvania__

On the __17th__ day of __October__ in the year __2021__ before me, the undersigned, a Notary Public in and for said State, personally appeared <u>Edwin Castella Chandler</u>, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument, the person or entity upon behalf of which the person or entity acted, executed the instrument.

WITNESS my hand and official seal.

(Signature)                                                                                         (Notary Public Seal)
                                                    **(Please ensure seal does not overlap any language or print)**

Notary Public: _____
                                                    (Printed Name)
Notary commission expires: _____

Page 6

[TRACKINGID:284883394226] 030695-O0050253-0 [PAG 1382] [DOC 32 40/66 Id 18068813] {F_1__0}

```
Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130


Cbe Group
Attn: Bankruptcy
1309 Technology Parkway
Cedar Falls, IA 50613


CCS
Payment Processing Center
P.O. Box 55126
Boston, MA 02205


Comcast
PO Box 3001
Southeastern, PA 19398


Credit Acceptance
25505 W. Twelve Mile Rd
Ste. 3000
Southfield, MI 48034


Credit One Bank
P.O. Box 98873
Las Vegas, NV 89193


Dept of Ed / Navient
Attn: Claims Dept
Po Box 9635
Wilkes Barr, PA 18773


DirectTV
PO Box 105261
Atlanta, GA 30348


Diversified Consultants, Inc.
PO Box 551268
Jacksonville, FL 32255-1268


First Premier Bank
Attn: Bankruptcy
Po Box 5524
Sioux Falls, SD 57117
```

```
Freedom Mortgage Corporation
Attn: Bankruptcy
Po Box 50428
Indianapolis, IN 46250


INOVA/Alexandria Hospital
PO Box 37022
Baltimore, MD 21297


M&T Bank
PO Box 767
Buffalo, NY 14240


M&T Bank
PO Box 64679
Baltimore, MD 21264-4679


Mariner Finance
8211 Town Center Dr
Nottingham, MD 21236


Mary Washington Healthcare
2300 Fall Hill Ave.
Suite 314
Fredericksburg, VA 22401


Mary Washington Healthcare
PO Box 419402
Boston, MA 02241


MobiLoans, LLC
P.O. Box 1409
Marksville, LA 71351


Navient
Attn: Bankruptcy
Po Box 9000
Wiles-Barr, PA 18773


Nova Cardiovascular Care
PO Box 9943
Mc Lean, VA 22102
```

OneMain Financial
Attn: Bankruptcy
601 Nw 2nd Street
Evansville, IN 47708


Plaza Services, Llc
Attn: Bankruptcy
110 Hammond Dr. Ste 110
Atlanta, GA 30328


Summit Receivables
1291 Galleria Dr.
Suite 170
Henderson, NV 89014


Synchrony Bank/Care Credit
Attn:  Bankruptcy Dept
Po Box 965061
Orlando, FL 32896


United Bank
500 Virginia St East
PO Box 393
Charleston, WV 25322


Verizon
PO Box 15124
Albany, NY 12212


Wells Fargo
420 Montgomery Street
San Francisco, CA 94108


Wells Fargo Dealer Services
Attn: Bankruptcy
Po Box 19657
Irvine, CA 92623